IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| OLUGBENGA JERRY AMU WRIGHT,  Plaintiff, | )<br>) **JURY TRIAL DEMANDED**<br>)<br>) |
| v. | ) Case No.<br>) |
| EQUIFAX INFORMATION SERVICES LLC,  Defendant. | )<br>)<br>)<br>)<br>)<br>) |

United States Courts
Southern District of Texas
F I L E D

AUG 2 8 2023

Nathan Ochsner, Clerk of Court

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff OLUGBENGA JERRY AMU WRIGHT, an individual consumer, against Defendant, Equifax Information Services LLC ("Equifax"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter "FCRA").

### II.   JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendant is liable unto Plaintiff pursuant to the provisions of the "Fair Credit

1

Reporting Act," 15 U.S.C. § 1681, *et seq*. Venue in this District is proper in that the Defendants transact business here, and the conduct complained of occurred here.

### III. TRIAL BY JURY

3.      Plaintiff, OLUGBENGA JERRY AMU WRIGHT, is entitled to and hereby requests a trial by jury. U.S. Const. amend. 7, Fed. R. Civ. Pro. 38.

### IV.   PARTIES

4.      Plaintiff OLUGBENGA JERRY AMU WRIGHT, is a natural person residing in Richmond, Fort Bend County, Texas. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5.      Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Texas.

6.      Upon information and belief, Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Upon information and belief, Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a.   Public record information;

      b.    Credit account information from person who furnish that information regularly and in the ordinary course of business.

## V. FACTS OF THE COMPLAINT

7. On or about November 11, 2022, the Plaintiff applied for an Apartment in Texas and was denied due to poor credit.

8. On the November 11, 2022, Plaintiff obtained a copy of his credit report and noticed incomplete, inaccurate, and false information below on his credit report:

> a. Plaintiff's name is **OLUGBENGA JERRY AMU WRIGHT** but his report is showing More than one name **OLUGBENGA AMU WRIGHT and OLUGBENGAJAMU-WRIGHT**
>
> b. **US DEPT OF EDUCATION – xxxx 71**
>
> **1. The balance is over inflated**
>
> **2. The payment history is reporting inaccurately**
>
> **3. Plaintiff believe it's a duplicate Account**
>
> **C. US DEPT OF EDUCATION - xxxxxx 13**
>
> **1. Inaccurate Payment history**
>
> **2. Balance is over inflated**
>
> **3. Plaintiff believe it's a duplicate Account**
>
> **D. US DEPT OF EDUCATION - xxxxxx 18**
>
> **1. Inaccurate Payment history**
>
> **2. Balance is over inflated**
>
> **3. Plaintiff believe it's a duplicate Account**

**E. US DEPT OF EDUCATION - xxxxxx 66**

1. Inaccurate Payment history

2. Balance is over inflated

3. Plaintiff believe it's a duplicate Account

**F. US DEPT OF EDUCATION - xxxxxx 09**

1. Inaccurate Payment history

2. Balance is over inflated

3. Plaintiff believe it's a duplicate Account

**G. Plaintiff's only address is 23311 Darst Field Trl, Richmond, Texas 77469 He has another address of** 2052 LIBERTY ST, TRENTON, NJ 08629.

9. Plaintiff sent a dispute letter pursuant to 15 U.S.C. § 1681(i) to Equifax in January Dated 01/05//2023, with USPS Certified mail number 7022 0410 0000 6995 1330, disputing the accuracy of the information referenced in paragraph 8 on his Equifax credit report:

10. The Plaintiff requested for description of the procedures used in accordance with 15 U.S.C. § 1681i(7) and deletion of the information pursuant to 15 U.S.C. § 1681i(5).

11. Plaintiff Included his Driver's License as proof of his name, so that the Defendant can correct his name on his credit report.

4

12. The Plaintiff received a re-investigation result from Defendant around February date 02/09/2023, with most accounts disputed verified as accurate but failed to conduct a reasonable re-investigation on the verified information and did not provide any method of verification or account level documentation. The errors found are below:

    a. Plaintiff's name is **OLUGBENGA JERRY AMU WRIGHT** but his report is showing as OLUGBENGAJ J AMU-WRIGHT

    b. **US DEPT OF EDUCATION – xxxx 71**

**The disputed items are not reporting on Plaintiffs consumer report.**

    C. **US DEPT OF EDUCATION - xxxxxx 13**

**The disputed items are not reporting on Plaintiffs consumer report.**

    D. **US DEPT OF EDUCATION - xxxxxx 18**

**The disputed items are not reporting on Plaintiffs consumer report.**

    E. **US DEPT OF EDUCATION - xxxxxx 66**

**The disputed items are not reporting on Plaintiffs consumer report.**

    F. **US DEPT OF EDUCATION - xxxxxx 09**

**The disputed items are not reporting on Plaintiffs consumer report.**

    G. 2052 LIBERTY ST, TRENTON, NJ 08629. Address was not deleted.

13. Upon information and belief, Equifax, failed to have a procedure in place to assure maximum possible accuracy, Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to verify the Plaintiff's information substantially or reasonably.

14. On June 16th, Plaintiff applied for an auto loan with Wells Fargo and was denied loan due to the information reporting on his Equifax credit report.

15. On August 1st, Plaintiff logged in to his Equifax credit report and discovered that all previously Disputed Accounts in Paragraph 8 are still reporting on Plaintiff's Credit report.

As a result of the actions and inactions of Defendants, Plaintiff suffered damages, including *but not limited to*, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

### VI. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)

16. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 15 above.

17. Defendant Equifax has violated 15 U.S.C. §1681e(b) in that they failed to maintain a procedure designed to assure maximum possible accuracy.

18. Defendant Equifax has caused injury in fact by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

19. Defendant Equifax has done so either negligently or willfully.

20. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681(o).

21. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681n.

### VII. SECOND CLAIM FOR RELIEF
### (Defendant Equifax only)
### 15 U.S.C. §1681i(a)(1)

22. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 21 above.

23. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(1) in that they failed conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.

24. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.

7

25. Defendant Equifax has done so either negligently or willfully.

26. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

27 Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### VIII. THIRD CLAIM FOR RELIEF
### (Defendant Equifax only)
### 15 U.S.C. §1681i(a)(2)

28. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 27 above.

29. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

30. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.

31. Defendant Equifax has done so either negligently or willfully.

32. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

33. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### IX. FOURTH CLAIM FOR RELIEF
### (Defendant Equifax only)
### 15 U.S.C. §1681i(a)(4)

34. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 33 above.

35. Defendant Equifax has violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

36. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.

37. Defendant Equifax has done so either negligently or willfully.

38. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681o.

39. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### X. FIFTH CLAIM FOR RELIEF
### (Defendant Equifax only)
### 15 U.S.C. §1681i(a)(5)

40. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 39 above.

41. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

42. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

43. Defendant Equifax has done so either negligently or willfully.

44. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

45. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## XI. SIXTH CLAIM FOR RELIEF
### (Defendant Equifax only)
### 15 U.S.C. §1681i(7)

46. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 42 above.

47. Defendant Equifax has violated 15 U.S.C. § 1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

48. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

49. Defendant Equifax has done so either negligently or willfully.

50. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

51. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

A. Judgment for the violations occurred for violating the FCRA by, Equifax;

B. Statutory damages pursuant to 15 USC § 1681n and 15 U.S.C § 1681o;

C. Cost and expense incurred in this action pursuant to 15 USC § 1681n and 15 U.S.C § 1681o;

D. For such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiff OLUGBENGA J AMU WRIGHT respectfully requests that judgment be entered against the Defendants, Equifax Information Services LLC in an amount to be determined by the Jury.

Respectfully Submitted,

_____

OLUGBENGA JERRY AMU WRIGHT
23311 Darst Field TrlRichmond, Texas 77469
Email: oja9scarlet@gmail.com